**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 1, 2006[*]
Decided February 1, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 04-4297

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

DIMITAR SLAVOV,
    *Defendant-Appellant.*

Appeal from the United States
District Court for the Northern
District of Illinois, Eastern Division

No. 04 CR 21-1

Joan B. Gottschall,
*Judge.*

**O R D E R**

Dimitar Slavov paid waiters to swipe the credit cards of unwitting restaurant patrons using "skimmers," portable data storage devices that capture the information from a card's magnetic strip. He used the stolen credit card information to create counterfeit credit cards on which he made charges totaling $8,000. Slavov pleaded guilty to possessing more than 15 counterfeit credit cards, *see* 18 U.S.C. § 1029(a)(3), and was sentenced to 15 months' imprisonment and three years' supervised release, and ordered to pay $8,000 in restitution. Slavov makes two arguments on appeal.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

First, Slavov argues that he should be resentenced on the ground that the district court believed itself bound by the sentencing guidelines. *See United States v. Booker*, 543 U.S. 220 (2005). Slavov has waived this argument. He agreed in his plea agreement "[t]o have his sentence determined under the Sentencing Guidelines." At that time the guidelines were applied as mandatory. *See* 18 U.S.C. § 3553(b)(1). Moreover, though *Booker* was then pending before the Supreme Court, Slavov nonetheless agreed "[t]o waive having sentencing facts alleged in the indictment and found by the jury beyond a reasonable doubt" and "[t]o have the Court determine his sentencing facts by a preponderance of the evidence." Slavov is bound by those concessions and has waived any right to benefit from the changes brought by *Booker*. *See United States v. Berheide*, 421 F.3d 538, 542 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005).

Slavov also contends that the district court erred in ordering him to pay the $8,000 in restitution immediately instead of fixing a payment schedule as required by the Mandatory Victims Restitution Act of 1996, Pub. L. No. 104-132, Title II, Subtitle A, § 206, 110 Stat. 1214, 1234 (Apr. 24, 1996) (amending 18 U.S.C. § 3664). *See United States v. Day*, 418 F.3d 746, 761 (7th Cir. 2005). Slavov forfeited this argument by not raising it in the district court. *See* Fed. R. Crim. P. 52(b). Nevertheless, the government concedes that there was error which is plain. Accordingly, we VACATE the district court's order regarding restitution and REMAND with instructions to set a payment schedule in light of Slavov's financial circumstances.